United States Court of Appeals,

Fifth Circuit.

No. 92-7618.

UNITED STATES of America, Plaintiff-Appellee,

v.

Marco Antonio BANDA, Defendant-Appellant.

Sept. 10, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before JOHNSON, JOLLY, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Marco Antonio Banda, an alien, pleaded guilty to possession with intent to distribute 497 bottles of dimentáne containing 99 grams of codeine in violation of 21 U.S.C. §§ 841(a) and 841(b)(3). Banda did not appeal his conviction and sentence. Subsequently, the Immigration and Naturalization Service brought deportation proceedings against Banda based on the conviction. To forestall his deportation, Banda sought relief under 28 U.S.C. § 2255 and a writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651(a). The thrust of Banda's complaint is that he was denied the effective assistance of counsel because his attorney in the criminal proceeding did not tell Banda that he might be subject to deportation if he pleaded guilty to the charge. He asserts that his plea was involuntary for this reason. The district court denied relief. We hold that an attorney's failure to advise a client that deportation is a possible consequence of a guilty plea does not constitute ineffective assistance of counsel.

The facts of this case are simple and undisputed. Banda's attorney in the underlying criminal proceedings did not inform Banda that he might be deported if he pleaded guilty to the charge. Banda claims now that if he had known of the possibility of deportation he would not have pleaded guilty. Banda has a wife and children in the United States, all of whom are American citizens, and all of whom will likely choose to remain behind if he is deported.

In *United States v. Gavilan,* 761 F.2d 226, 228 (5th Cir.1985), we nailed the door shut on

any due process claim based on counsel's failure to warn the criminal defendant of possible deportation. This court noted that defendants have no due process right to be informed of the collateral consequences of criminal proceedings. That principle applies even to harsh collateral consequences, such as loss of the right to vote, to travel abroad, or to drive a car. *See id.* at 228 (citing cases).

*Gavilan* left open the question whether counsel's failure to inform a client of the possibility of deportation might offend the Sixth Amendment's guarantee of effective assistance of counsel. It was not necessary to reach that issue because Gavilan himself was unable to show that his counsel's conduct prejudiced him in any way. 761 F.2d at 228-29. This court noted, however, that it did not "condone" trial counsel's "error" in failing to tell his client about the possibility of deportation. *Id.* at 229.

To establish ineffective assistance of counsel violating the Sixth Amendment, the defendant must show that his counsel's performance was seriously deficient and that this deficiency prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Only this dual showing would entitle Banda to relief under § 2255.

The courts that have addressed the question of counsel's failure to warn of possible deportation have uniformly held that deportation is a collateral consequence of the criminal process and hence the failure to advise does not amount to ineffective assistance of counsel. *See,* for example, *Varela v. Kaiser,* 976 F.2d 1357, 1358 (10th Cir.1992) (citing cases from the 2nd, 4th, 7th, and 11th circuits), and *United States v. Del Rosario,* 902 F.2d 55, 58-59 (D.C.Cir.1990). We are not aware of any court that has held to the contrary. Indeed, this conclusion squares with the Supreme Court's observation that the accused must be "fully aware of the *direct* consequences" of a guilty plea. *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) (emphasis added). We find this position persuasive and adopt it as our own.

Deportation is concededly a harsh collateral consequence. However, loss of the rights to vote, to travel, and to do a myriad other things a common citizen may do are also harsh consequences. Failure by counsel to advise a client of these or any other collateral eventualities

would not constitute a Sixth Amendment violation just as failure by the court to inform of such collateral consequences does not violate Fed.R.Crim.Proc. 11. Defense counsel has done all he must under the Constitution when he advises his client of the direct consequences of a guilty plea. This is not to say that he should not advise the client on possible deportation—he should. But our implicit disapproval of counsel's failure to advise of deportation consequences in *Gavilan,* 761 F.2d at 229, was hortatory, not a holding on the scope of the Sixth Amendment. Banda has failed to satisfy the deficient performance standard under *Strickland,* and he therefore cannot obtain relief for ineffective assistance of counsel.

Failing a successful challenge to his guilty plea under § 2255, Banda also asks for a writ of *audita querela* under the All Writs Act. This is a slender reed upon which to lean. The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment. It is an open question whether the obsolescent writ survives as a post-conviction remedy. In any case, the defense against the judgment must be based in law, not in equity. *United States v. Reyes,* 945 F.2d 862 (5th Cir.1991). There is no defect in the judgment below based in law. Moreover, the writ is not available where, as here, the defendant may seek redress under § 2255. *United States v. Ayala,* 894 F.2d 425, 427 (D.C.Cir.1990).

The decision of the district court is AFFIRMED.