UNITED STATES of America, Plaintiff.

v.

Michael LaPORTA, Defendant.

No. 91–CR–291C.

United States District Court, W.D. New York.

Aug. 6, 1998.

Denise E. O'Donnell, U.S. Atty., Buffalo, NY, (Anthony M. Bruce, Asst. U.S. Atty., of Counsel), for U.S.

Michael LaPorte, pro se.

### DECISION and ORDER

CURTIN, District Judge.

#### BACKGROUND

Michael LaPorta brings the current petition under the All Writs Act, 28 U.S.C. § 1651(a), for a writ of *coram nobis* and/or a writ of *audita querela* seeking a modification of his sentence (Item 125).

On June 29, 1993, a jury found petitioner guilty of conspiracy (Count I), mail fraud (Count II) through the use of fire (Count III), and willful destruction of government property (Count IV) through the use of fire (Count V). Petitioner had been charged, along with co-defendant Vincent "Jimmy" Sicurella, with procuring and burning cars in a conspiracy to collect insurance proceeds fraudulently. At trial, the government presented evidence that the defendants conspired to burn a car belonging to Sicurella. The FBI learned of the insurance fraud scheme and mounted a "sting" operation using a government informant, in which a second car was also burned. The second car belonged to the United States government, but the defendants were told that it was owned by the informant's brother-in-law. On September 17, 1993, this court dismissed Count V and affirmed petitioner's conviction on the other four counts. *United States v. Sicurella*, 834 F.Supp. 621 (W.D.N.Y.1993).

On November 19, 1993, this court sentenced petitioner to an aggregate term of seventy-two months' imprisonment: twelve months' imprisonment for each of Counts I, II, and IV, running concurrently with each other; and sixty months' imprisonment for Count III, running consecutively to the sentences for Counts I, II, and IV (Item 98, at 21–22). The court sentenced Sicurella to an aggregate term of sixty-six months' imprisonment for Counts I—IV (six months for Counts I, II, and IV, running concurrently to each other, and sixty months for Count III, running consecutively to the other counts). The court instructed that Sicurella's sixty-month sentence imposed for Count III was to be served consecutive to a twenty-one-month sentence imposed by Judge Elfvin on June 11, 1993, for an unrelated perjury conviction (*Id.* at 18, 22–23). Thus, Sicurella had a total aggregate sentence of eighty-one months.

The government appealed the court's dismissal of Count V, and the defendants cross-appealed various aspects of their trial and conviction. On December 30, 1994, the Second Circuit affirmed both the judgment of conviction and the order dismissing Count V. *United States v. LaPorta,* 46 F.3d 152 (2d Cir.1994). Other than noting in the background section of its decision that this court sentenced LaPorta to seventy-two months' imprisonment, *id.* 46 F.3d at 155, the Second Circuit neither mentioned nor reviewed the computation of petitioner's sentence. Neither defendant challenged the computation of his sentence in their appeal.

On March 14, 1997, Sicurella filed an application for an order vacating and setting aside his sentence due to a subsequent change of the law or, in the alternative, modifying his sentence to a total aggregate term of sixty-six months, to run concurrently with the twenty-one-month perjury sentence (Item 100). On February 21, 1998, this court denied Sicurella's motion to vacate his sentence, yet granted Sicurella's motion to modify his sentence (Item 114). The court found that the mandatory consecutive sentencing provision of 18 U.S.C. § 844(h) does not apply to arson offenses; therefore, the court declined to run the sixty-month sentence for Count III consecutive to either the sentences for Counts I, II, and IV, or the unrelated perjury sentence. The court therefore reduced Sicurella's sentence to a total aggregate term of sixty months. On March 17, 1998, this court denied the government's motion for reconsideration (Item 123), and sometime soon thereafter Sicurella was released from prison. The government has appealed this court's order modifying Sicurella's sentence (Item 124).

Upon learning of Sicurella's success, on April 23, 1998, LaPorta filed his motion for relief pursuant to a writ of *coram nobis*

and/or a writ of *audita querela* (Item 125). Petitioner seeks a modification of his sentence to a total of sixty months for the same reasons the court modified Sicurella's sentence. He argues that the court's recent decision that the mandatory consecutive sentencing provision of 18 U.S.C. § 844(h) does not apply to arson offenses applies equally to his sentence; therefore, the court should now modify his sentence such that the sixty-month sentence for Count III runs concurrent with the twelve-month sentences for Counts I, II, and IV. Petitioner also contends that he should receive credit for the fifteen-plus months he spent in jail after Judge Arcara held petitioner in contempt for failing to testify before the grand jury about matters related to substantially the same claims.[1]

The government submits that although petitioner has taken great pains to avoid calling his application a motion brought pursuant to 28 U.S.C. § 2255, petitioner is in fact seeking relief that would only be available to him under section 2255 (Item 127). The government contends that petitioner is barred by the statute of limitations for motions brought under section 2255, and that he is not entitled to relief pursuant to any of the common law writs.

### *DISCUSSION*

**I   *28 U.S.C. § 2255***

Section 2255 permits a federal prisoner to challenge his sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. This language is very broad and includes nearly any challenge to the validity or the calculation of a sentence. Petitioner claims that the court failed to properly calculate the appropriate sentence based on its misapprehension of its authority to run the sentences concurrently; and therefore, his seventy-two-month aggregate

sentence is excessive. This challenge is a claim that his sentence is "otherwise subject to collateral attack;" consequently, section 2255 applies.

"Until 1996, a federal prisoner was allowed to file an initial application challenging his sentence on federal grounds 'at any time.'" *Mickens v. United States,* 148 F.3d 145, 146 (2d Cir.1998). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year limitations period on the filing of such applications. That limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has bee newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A § 2255 (West Supp.1998). Although the statute is silent as to how the new limitations period affects those prisoners whose convictions became final prior to the Act's effective date, the Second Circuit has observed that the Constitution requires that there be some grace period for the filing of habeas petitions by such prisoners. *Ross v. Artuz,* 150 F.3d 97 (2d Cir.1998); *Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997). Most recently, the Second Circuit held that the grace period for federal prisoners filing section 2255 petitions is one year. *Mickens,* 148 F.3d 145, 148. Thus, "motions pursuant to § 2255 are not barred by the statute of limitations established by AEDPA if filed on or

---

**1.** According to petitioner, on December 10, 1993, Judge Arcara held petitioner in contempt until March 28, 1995 (Item 125, at 5). The government notes that Judge Arcara specifically provid-ed that petitioner's sentence on his conviction in the instant case should be held in abeyance while petitioner was incarcerated on the contempt citation (Item 127).

before April 24, 1997, the first anniversary of AEDPA's effective date." *Id.*

▇ Petitioner concedes that his challenge of his sentence could have been raised in a section 2255 motion, but for the AEDPA amendment (Item 125, at 7). Petitioner's conviction became final by March 30, 1995, before AEDPA became effective. Petitioner filed his application for post-conviction relief on April 23, 1998, just under two years after AEDPA became effective. Sicurella filed his section 2255 petition within the one-year grace period; therefore, he was entitled to consideration and relief on the merits of his petition. Petitioner was aware that his co-defendant had a petition pending with this court;[2] however, he failed to file his own application for post-conviction relief until after Sicurella was successful. Having failed to file a timely section 2255 petition, petitioner cannot piggy-back onto Sicurella's success.

## II *Writs Available Pursuant to the All Writs Act—Writ of Coram Nobis and Writ of Audita Querela*

Petitioner claims that section 2255 is not the exclusive avenue for challenging his federal sentence (Item 125, at 8). The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). At common law, the writs of *coram nobis* and *audita querela* were available to prisoners to attack the validity of their convictions. Today their availability is more questionable.

▇ Generally speaking, both writs are only available where a prisoner has a legal challenge to his conviction that is not re-dressable pursuant to a statutory post-conviction remedy, including a motion brought pursuant to section 2255.[3] Petitioner notes

that in *Triestman v. United States,* 124 F.3d 361, 380 n. 24 (2d Cir.1997), the Second Circuit observed that:

> [i]t is possible that [a writ of *error coram nobis* and/or a writ of *audita querela* ] might be deemed available if their existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244—if, for example, an actually innocent prisoner were barred from making a previously unavailable claim under § 2241 as well as § 2255.

Petitioner asserts that because section 2255 is not available to him due to the restrictions imposed by the AEDPA amendments, the common law writs should provide him with an avenue for relief (Item 128, at 3). Petitioner argues that he will suffer irreparable harm if he is not allowed some form of remedy, and that it would be inequitable for him to be treated more harshly than Sicurella (Item 125, p. 9; Item 128, pp. 2).

Petitioner had a federal remedy available under section 2255 that he declined to use. The failure to utilize a statutory avenue for post-conviction relief is not the situation the Supreme Court had in mind when it stated that the All Writs Act provides courts with the authority to issue writs not otherwise covered by statute. Section 2255 allows a court to vacate or modify a sentence. Petitioner cannot circumvent the AEDPA limitations period by deliberately waiting to file an application for post-conviction relief and then claiming that a statutory channel is unavailable to him. The dicta from the *Triestman* footnote cited above does not support petitioner's position because this case does not raise serious questions about the constitutional validity of section 2255. Petitioner does not assert that he was actually innocent of the crime, and his argument that he was

---

2. While Sicurella's motion was pending before this court, LaPorta's sister regularly telephoned the court seeking information on the progress of that petition. She explained that if Sicurella was successful, LaPorta would speak to a lawyer and/or file his own petition.

3. In *Carlisle v. United States,* 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996), the Supreme Court explained that "[t]he All Writs

Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." (quoting *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985)).

actually innocent of the sentence does not rise to the level required by *Triestman*.[4]

■ The writ of *coram nobis* is only available "to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of [section] 2255. The petitioner must show that he is suffering from continuing consequences of the allegedly invalid conviction." *United States v. Stoneman*, 870 F.2d 102, 105–06 (3d Cir.1989) (quoting *United States v. Morgan*, 346 U.S. 502, 512–13, 74 S.Ct. 247, 98 L.Ed. 248 (1954)). In *Carlisle v. United States*, 517 U.S. at 429, 116 S.Ct. 1460, the Supreme Court explained that a writ of *coram nobis* "was traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict." *Id.*, (quoting *United States v. Mayer*, 235 U.S. 55, 67–68, 35 S.Ct. 16, 59 L.Ed. 129 (1914)). In *Morgan*, the Supreme Court stated that the writ of *coram nobis* is an "extraordinary remedy [that should be used] only under circumstances compelling such action to achieve justice." *Morgan*, 346 U.S. at 511, 74 S.Ct. 247.

■ Petitioner is still in custody, and he is attacking only his sentence, not the validity of his conviction. Moreover, he does not argue that there were factual errors at his trial that were material to the validity and regularity of that proceeding. Instead, he argues that the court misapprehended its authority to run his sentences concurrently. Thus, even if the writ of *coram nobis* were available in this case due to the lack of any statutory avenue for post-conviction relief, petitioner has neither satisfied the requirements for relief nor demonstrated circumstances that warrant the use of such an extraordinary remedy.

■ The writ of *audita querela* is available, if at all, "where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir.1995) (quoting *United States v. Holder*, 936 F.2d 1, 5 (1st Cir.1991)). Petitioner contends that his current motion is a request to correct a legal error, not merely a request for equitable relief (Item 128, pp. 3–4). Once again, he asserts that he is innocent of the sentence imposed, due to the court's misapprehension of its ability to run petitioner's sentences concurrently. The core of petitioner's argument is that it would be inequitable for him to have to serve consecutive sentences when his co-defendant was able to have his sentence modified so that his sentences ran concurrently based on the court's legal error in sentencing. Although this court recently determined that it could have run these section 844(h) sentences concurrently, the court did not hold that it was required to run the sentences concurrently. Thus, petitioner is not entitled to any legal relief. As a result, even if the court could issue a writ of *audita querela* due to a lack of a statutory remedy, because petitioner is seeking equitable relief, the court would have to deny his application.

### CONCLUSION

For the foregoing reasons, the court hereby denies petitioner's motion for post-conviction relief (Item 125). As a result, petitioner's motion for an order of release pending the resolution of his motion for post-conviction relief (Item 129) is denied as moot.

So ordered.

---

4. Furthermore, this court finds persuasive authority from other circuits that expressly hold that the writ of *audita querela* is not available where the prisoner may seek redress under section 2255. *United States v. Banda*, 1 F.3d 354, 356 (5th Cir.1993); *United States v. Ayala*, 894 F.2d 425, 427 (D.C.Cir.1990).