**Robert Eric TOWNSEND**

v.

**UNITED STATES of America.**

**United States of America**

v.

**Robert Eric Townsend.**

**Civ. No. S 99–707, Crim. No. S 96–0022.**

United States District Court,
D. Maryland.

March 15, 1999.

Robert Eric Townsend, Cumberland, MD, petitioner pro se.

James G. Warwick, Assistant U.S. Attorney, Baltimore, MD, for United States of America, respondent.

*MEMORANDUM OPINION*

SMALKIN, District Judge.

Convicted and sentenced in this Court in 1996 for a felon-in-possession offense, the defendant now brings a petition for writ of *audita querela,* arguing that his post-offense rehabilitation, **while a federal prisoner,** justifies issuance of the writ.

■ Certainly, the Court agrees with petitioner that the usual mechanism for review of federal sentences is foreclosed to him, both because of the one-year limitation on filing motions under section 2255 and the fact that he does not challenge the sentence **as imposed,** thereby raising no issue cognizable under section 2255. Certainly, a writ of *audita querela* is not available to circumvent the timely filing of a section 2255 motion, *see, e.g., United States v. LaPorta,* 20 F.Supp.2d 530 (W.D.N.Y.1998).

But, quite obviously, petitioner is not simply seeking a writ of *audita querela* to make a prohibited end-run around section 2255. Here, he seeks it on the merits.

■ Although most courts have held that, notwithstanding the "abolition" of writs of *audita querela,* they remain available in certain narrow circumstances, as where there is a legal objection to a conviction that has arisen post-sentencing and for which there is no other remedy. *See id.* at 534. Here, the fact that petitioner has rehabilitated himself while in prison— though laudatory—obviously raises no legal objection to his conviction and/or sentence, and it gives no ground for the relief sought. Obviously, allowing such relief would gut the Sentencing Guidelines and fly in the face of revised Fed.R.Crim.P. 35's strict limitations on the Court's revisory power over sentences.

Although novel, this petition has no merit, and it will be denied summarily, by a separate order.

1.   That the petition for writ of *audita querela* filed herein BE, and the same hereby IS, DENIED; and

2.   That copies hereof and of the said Memorandum be mailed to petitioner and to the United States Attorney for this District.