IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10643
Summary Calendar
_____

RICKY EUGENE MORROW,

                                    Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division,

                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-2051
_____
February 25, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Ricky Eugene Morrow appeals the district court's denial of his
28 U.S.C. § 2254 petition.  Morrow contends that he received
ineffective assistance of counsel when he pleaded guilty to one
count of robbery and two counts of attempted murder and that the
district court erred in determining that his counsel was not
ineffective.

    Morrow first argues that his counsel was ineffective for
failing to inform him that the pleas could be used to impeach him
in his second capital murder trial.  Because this was a collateral

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consequence of the pleas, the district court did not err in determining that counsel was not ineffective for failing to so advise Morrow. See United States v. Banda, 1 F.3d 354, 365 (5th Cir. 1993).

Morrow alternatively argues that his counsel affirmatively misled him by telling him that the pleas would have no adverse consequences if a retrial was granted in his capital murder case. The district court did not err in determining that Morrow failed to rebut that state court's finding on this issue by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). Accordingly, the judgment of the district court is

A F F I R M E D.

2