United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-50087
Summary Calendar

---

BUDDY RAY GUNN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-184-EP
--------------------

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Buddy Ray Gunn, federal prisoner # 11525-080, appeals the dismissal of his petition for a writ of audita querela seeking to be resentenced as a non-career offender. He argues that the district court erred in determining that his claim was procedurally defaulted because he is actually innocent of the career offender sentence. Gunn argues that in light of this court's decision in United States v. Bellazerius, 24 F.3d 698 (5th Cir. 1994), his

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior drug conspiracy conviction was improperly used to categorize him as a career offender under U.S.S.G. § 4B1.1.

It is doubtful that Gunn can rely on the writ of audita querela to obtain relief because he had other procedural vehicles available in which to raise his claim under <u>Bellazerius</u>. <u>See</u> <u>United States v. Banda</u>, 1 F.3d 354, 356 (5th Cir. 1993).

Even assuming that the writ is available to him, Gunn is not entitled to relief because he has not demonstrated that he is actually innocent of the offense that was used to support the application of the career offender guideline. <u>See</u> <u>Kinder v. Purdy</u>, 222 F.3d 209, 211-13 (5th Cir. 2000); <u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999).

The dismissal of the writ is

AFFIRMED.