United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11314
Summary Calendar

WILLIE GEORGE MCDONALD,

Petitioner-Appellant,

versus

L. E. FLEMING, Warden, Federal Medical Center-Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-808-A
--------------------

Before SMITH, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Willie George McDonald, federal prisoner # 19369-077, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus. McDonald contends that the district court abused its discretion and deprived him of his Articles I and III rights to petition the court in redress of grievances against the government when it construed his 28 U.S.C. § 2241 petition as a successive 28 U.S.C. § 2255 motion and dismissed it for lack of jurisdiction. He argues that the district court should have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

liberally construed his petition and recharacterized it as a writ of mandamus or prohibition, writ of error coram nobis, or writ of audita querela under 28 U.S.C. § 1651.

McDonald's petition collaterally challenged the validity of his sentence and, thus, the district court properly construed it as a 28 U.S.C. § 2255 motion. See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000). McDonald neither requested nor obtained the required certification from this court to file a successive 28 U.S.C. § 2255 motion. Further, McDonald's claims do not fall within the savings clause of 28 U.S.C. § 2255 because he has not established that the remedy provided for under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. See id. at 878. Moreover, McDonald's contention that the district court should have liberally construed his petition as a writ of mandamus or prohibition, writ of error coram nobis, or writ of audita querela is unavailing. The district court denied McDonald's 18 U.S.C. § 3582 motion in which he raised the same ground for relief asserted in the instant petition. McDonald is still in custody, has not completed his sentence, and cannot demonstrate that he has no remedy under 28 U.S.C. §§ 2241 or 2255. See United States v. Dyer, 136 F.3d 417, 422 (5th Cir. 1998); United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993). The district court properly dismissed his petition for lack of jurisdiction.

The Government has filed a motion to dismiss the appeal or for summary affirmance in lieu of filing a brief. In the alternative,

the Government moves for an extension of time in which to file a brief.  The motion is DENIED as moot.

APPEAL DISMISSED; MOTION DENIED.