**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2009

Charles R. Fulbruge III
Clerk

No. 09-20028
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE HELI-MEJIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:91-CR-176-4

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Heli-Mejia, federal prisoner # 37528-004, was convicted in 1992 of conspiring to distribute cocaine and is serving a 350-month term of imprisonment. *United States v. Cruz*, 22 F.3d 96, 96-97 & n.1 (5th Cir. 1994) (affirming conviction and sentence). Heli-Mejia has previously sought relief unsuccessfully under 28 U.S.C. § 2255.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Heli-Mejia filed a petition for a writ of audita querela in the district court challenging the legality of his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). The district court construed the petition as an unauthorized successive motion under 28 U.S.C. § 2255. Because it lacked jurisdiction, the district court denied the motion without prejudice.

Heli-Mejia contends in this appeal that he should be permitted to assert his *Booker* claim via a petition for a writ of audita querela because *Booker* was decided after he was sentenced and is not retroactively applicable in the § 2255 context. Although the writ of audita querela "permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment," *United States v. Banda*, 1 F.3d 354, 355 (5th Cir. 1993), a prisoner may not seek a writ of audita querela if he "may seek redress under § 2255." *Id.*; *see also Massey v. United States*, 581 F.3d 172, 174 & n.2 (3d Cir. 2009). The fact that a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). The district court's order is

AFFIRMED.