# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2010

Lyle W. Cayce
Clerk

No. 09-11012
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRENDA LEE FORD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CR-16-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Brenda Lee Ford, federal prisoner # 26255-077, was sentenced to a 324-month term of imprisonment following a 1995 conviction for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. This court affirmed on direct appeal. *United States v. Ford*, No. 95-11026 (5th Cir. Aug. 1, 1996) (unpublished). Ford has been unsuccessful in seeking relief under 28 U.S.C. § 2255. Ford filed a motion to reduce her sentence under 18 U.S.C. § 3582(c)(2) due to the crack cocaine amendments to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Guidelines.  The district court granted the motion and reduced the aggregate sentence of 324 months to 262 months in prison.

Ford filed a motion requesting that she be granted a new sentencing proceeding by writ of coram nobis or alternatively writ of audita querela.  Ford contends that her sentence would be lower under the advisory guidelines following *United States v. Booker*, 543 U.S. 220 (2005).  The district court found that relief pursuant to a writ of coram nobis was not available because Ford was in custody.  The district court found that relief pursuant to a writ of audita querela was not available because redress was available under 28 U.S.C. § 2255.  The district court denied the motion.

It is undisputed that Ford was in custody when she sought coram nobis relief and is still in custody.  The district court did not err in finding that the writ of coram nobis is not an avenue of relief available to her.  *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).

The writ of audita querela "permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment."  *United States v. Banda*, 1 F.3d 354, 355 (5th Cir. 1993).  A prisoner, however,  may not seek a writ of audita querela if she "may seek redress under § 2255."  *Id.*; *see also Massey v. United States*, 581 F.3d 172, 173-74 (3rd Cir. 2009).  That a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).  The district court did not err in denying the alternative motion for a writ of audita querela.

AFFIRMED.