# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 25, 2010

Lyle W. Cayce
Clerk

No. 09-10939
Summary Calendar

JAMES B. SLAUGHTER,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:08-CV-29

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

James B. Slaughter, federal prisoner # 32675-077, was convicted by a jury of conspiracy to distribute and possess with intent to distribute cocaine base, distribution and possession of cocaine base within 1,000 feet of a playground, and two counts of distribution of cocaine base. Slaughter was sentenced respectively to concurrent terms of imprisonment for life, 480 months, 480 months, and 240 months. Slaughter has been unsuccessful in seeking relief under 28 U.S.C. § 2255.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Slaughter filed a petition for a writ of audita querela in the district court challenging the legality of his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). The district court found that relief pursuant to a writ of audita querela was not available because redress was available under § 2255. The district court denied and dismissed Slaughter's petition on that basis.

Slaughter contends in this appeal that he should be permitted to assert his *Booker* claim via a petition for a writ of audita querela because *Booker* was decided after he was sentenced and is not retroactively applicable in the § 2255 context. Although the writ of audita querela "permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment," *United States v. Banda*, 1 F.3d 354, 355 (5th Cir. 1993), a prisoner may not seek a writ of audita querela if he "may seek redress under § 2255." *Id.*; *see also Massey v. United States*, 581 F.3d 172, 173-74 (3rd Cir. 2009). The fact that a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Because Slaughter's remedy is under § 2255 and he has not obtained leave of this court to file a successive § 2255 motion, the district court did not err in dismissing his petition. The district court's order is
AFFIRMED.