# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 15, 2010

Lyle W. Cayce
Clerk

No. 10-50177
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH LEON PLUMMER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-218-1

Before BENAVIDES, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Joseph Leon Plummer, federal prisoner # 69035-080, was convicted of possession of a firearm by a convicted felon (Count One) and possession of an unregistered firearm (Count Two). The district court sentenced him to 300 months in prison on Count One and 120 months on Count Two with the sentences to run concurrently.  Plummer seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his petition for writ

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of audita querela challenging his sentence in light of *United States v. Rodriquez,* 553 U.S. 377 (2008), and U.S.S.G. § 4B1.2, cmt. (n.1).

By moving for leave to proceed IFP on appeal, Plummer is challenging the district court's certification that his appeal presents no nonfrivolous issues and is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Plummer argues that two of the prior convictions used to enhance his sentence did not meet the criteria outlined in *Rodriquez* and § 4B1.2, cmt. (n.1) and, as a result, he is entitled to relief in the form of a writ of audita querela. "The writ of audita querela permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). A prisoner may not seek a writ of audita querela if he "may seek redress under § 2255." *Id.*

Plummer cannot assert this claim in a petition for writ of audita querela because redress is available under § 2255. *See id.* Moreover, even if Plummer is entitled to raise this claim in a petition for writ of audita querela, the claim is unavailing. Plummer's appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Plummer's request for leave to proceed IFP is denied, and the appeal is dismissed. *See* 5TH CIR. R. 42.2.

IFP DENIED. APPEAL DISMISSED.