# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2010

Lyle W. Cayce
Clerk

No. 10-10430
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD JEROME FISHER, also known as La Ron,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-10-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ronald Jerome Fisher, federal prisoner # 20604-077, was convicted of various drug offenses, money laundering, and using and carrying a firearm during and in relation to a drug-trafficking crime. *See United States v. Fisher*, 22 F.3d 574, 576 (5th Cir. 1994). As a three-time felony drug offender, Fisher was sentenced to a mandatory term of life imprisonment. *See id.*; 21 U.S.C. § 841(b)(1)(A). Fisher's conviction and sentence were affirmed by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

us in 1994. *See Fisher*, 22 F.3d at 576-80.  Fisher has been unsuccessful in seeking relief under 28 U.S.C. § 2255.

Fisher filed a petition for a writ of audita querela in the district court challenging the legality of his sentence in light of *Burgess v. United States*, 553 U.S. 124, 129 (2008).  The district court found that relief pursuant to a writ of audita querela was not available because Fisher had recourse under § 2255. The district court denied and dismissed Fisher's petition on that basis.

Fisher contends in this appeal that he should be permitted to assert his *Burgess* claim via a petition for a writ of audita querela because *Burgess* was decided after he was sentenced and had the effect of lowering his sentence. Although the writ of audita querela "permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment," *United States v. Banda*, 1 F.3d 354, 355 (5th Cir. 1993), a prisoner may not seek a writ of audita querela if he "may seek redress under § 2255." *Id.*  The fact that a prisoner cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).  Because Fisher's remedy is under § 2255 and he has not obtained leave to file a successive § 2255 motion, the district court did not err in dismissing his petition.  The district court's judgment is AFFIRMED.

We have previously warned Fisher that he would face sanctions, including monetary sanctions and denial of access to the judicial system, if he continued to file unauthorized or frivolous challenges to his conviction and sentence. *See United States v. Fisher*, No. 06-10168 (5th Cir. Oct. 24, 2006).  We have also sanctioned Fisher $250 for failing to heed our warnings. *See United States v. Fisher*, No. 07-10161 (5th Cir. Dec. 11, 2007).  Because Fisher continues to ignore our warnings, Fisher is ORDERED to pay a monetary sanction in the amount of $500, payable to the clerk of this court.  Fisher is BARRED from filing in this court or in any court subject to this court's jurisdiction any pleadings that challenge the aforementioned conviction and sentence until the sanction is paid

No. 10-10430

in full.  If Fisher attempts to file such pleadings in this court without proof of satisfaction of this sanction, the clerk will docket them for administrative purposes only.  Any such submissions which do not show proof that the sanction has been paid will be neither addressed nor acknowledged.  Fisher is further CAUTIONED that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.