# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 25, 2011

Lyle W. Cayce
Clerk

No. 10-20604
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS GERARDO RIOS-CASTANO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:92-CR-137-32

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luis Gerardo Rios-Castano (Rios), federal inmate # 59339-079, appeals the district court's dismissal of his petition for a writ of audita querela for lack of jurisdiction. Rios concedes that he unsuccessfully raised the issue of ineffective assistance of counsel based on his attorney having fallen asleep during trial in the 28 U.S.C. § 2255 motion that he filed in 1999. However, because his § 2255 motion was denied prior to the en banc decision in *Burdine v. Johnson*, 262 F.3d 336 (5th Cir. 2001), he contends that he is entitled to raise this issue again in a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

writ of audita querela. Rios asserts that the decision in *Burdine* requires a presumption of prejudice and that sleeping counsel is a structural error that requires automatic reversal.

The writ of audita querela arises under the All Writs Act. *United States v. Banda*, 1 F.3d 354, 355 (5th Cir. 1993). "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). The writ of audita querela was abolished in the civil context by Federal Rule of Criminal Procedure 60(b). *See United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010). This court has "acknowledged, with some reservation, that the writ of audita querela might [] survive in criminal adjudications, if there is a gap for it to fill." *Id.* at 487-88. "If it still exists, the writ of *audita querela* can only be applied to rectify a judgment which, though correct when rendered, has since become infirm." *Miller*, 599 F.3d at 490. It is not available for equitable relief. *Id.* at 488. The writ of audita querela also is not available if the legal objection raised can be brought pursuant to any other postconviction remedy. *Id.* Thus, a prisoner may not seek a writ of audita querela if he "may seek redress under § 2255." *Banda*, 1 F.3d at 356. The fact that a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Because Rios may, and has, pursued relief for his ineffective assistance claim under § 2255, the writ of audita querela is not available to him. *See Miller*, 599 F.3d at 488, 490; *Banda*, 1 F.3d at 356. Even if the writ was available, Rios has not shown that the decision in *Burdine* subsequently rendered the judgment against him infirm. *See Burdine*, 262 F.3d at 348-49.

Rios also argues that he is barred by the gate keeping provisions of the Antiterrorism and Effective Death Penalty Act from filing another § 2255 motion and that the constitutionality of those provisions will be called into question if he may not proceed by writ of audita querela. Because Rios did not properly

No. 10-20604

raise this issue before the district court, having mentioned it only in his notice of appeal, we do not address this issue for the first time on appeal. *See Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 212-14 & n.21 (5th Cir. 2009).

AFFIRMED.