## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2011

No. 11-10387
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GEORGE WHITEHEAD, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-11-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, George Whitehead, Jr., federal prisoner # 35653-177, appeals from the district court's denial of his motion to vacate his convictions for possession of a controlled substance with intent to distribute and being a felon in possession of a firearm. Whitehead contends he should have been granted a writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651, because he did not discover his claimed double-jeopardy violation until after he had sought relief under 28 U.S.C. § 2255.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10387

The question whether a prisoner may challenge his sentence via a writ of *audita querela* is reviewed *de novo*.  *E.g.*, *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 662 (5th Cir. 2006) (questions of law reviewed *de novo*); *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) (per curiam) ("We review *de novo* the question of whether a prisoner may challenge his sentence by filing a motion for a writ of *audita querela*.").  The writ is not available if the objection can be brought pursuant to any other post-conviction remedy.  *United States v. Miller*, 599 F.3d 484, 488 (5th Cir. 2010).  Thus, the writ is not available when the prisoner may seek redress under § 2255.  *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993).  Neither a prior unsuccessful § 2255 motion nor an inability to meet the requirements for pursuing a successive § 2255 motion renders the § 2255 remedy unavailable.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

AFFIRMED.