**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 17, 2011

Lyle W. Cayce
Clerk

No. 11-50341
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO ANTONIO DAVILA, also known as Robert Davila,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:93-CR-184-3

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Roberto Antonio Davila, federal prisoner # 55777-098, was convicted of conspiring to possess marijuana with intent to distribute as well as distributing marijuana; he was sentenced to serve life in prison and a three-year term of supervised release. This court is now presented with his request to proceed in forma pauperis (IFP) in an appeal from the district court's dismissal of his motion for a writ of audita querela, which sought relief based on *United States v. Booker*, 543 U.S. 220 (2005), and its progeny.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50341

By moving for leave to proceed IFP on appeal, Davila attacks the district court's certification that his appeal is not taken in good faith because it presents no nonfrivolous issues. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Davila maintains that the writ of audita querela is available to him because *Booker* was unavailable when he was sentenced and because he would receive a significantly less harsh sentence if the principles enunciated in *Booker* were applied to his case. The writ of audita querela is not the proper procedural vehicle for this claim because redress is available under 28 U.S.C. § 2255. *See United States v. Miller*, 599 F.3d 484, 488 (5th Cir. 2010); *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). Moreover, Davila's inability to meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

This appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Consequently, Davila's request for leave to proceed IFP is denied, and the appeal is dismissed. *See* 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.