# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2013

Lyle W. Cayce
Clerk

No. 12-20768
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE BERNARDO NIETO, also known as Bono,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:92-CR-111-2

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Convicted drug-trafficker Jose Bernardo Nieto, federal prisoner # 58136-079, appeals the district court's order denying his petition for a writ of audita querela, wherein he sought to raise the claim that the sentencing court in 1993 erroneously assessed a four-level leadership-role enhancement, pursuant to U.S.S.G. § 3B1.1. He urged that he was entitled to proceed because new, previously undiscoverable facts showed that he was not a leader or organizer

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

but only a "transporter" of drugs and because no other relief is available to correct the sentencing error. The Government moves for dismissal, asserting that Nieto's petition is unauthorized because redress is available under 28 U.S.C. § 2255.  It alternatively seeks summary affirmance or an extension of time to file an appellate brief.  Nieto opposes the Government's motion.

Even if it is assumed that the writ of audita querela survives as a post-conviction remedy, Nieto is not entitled to proceed because he can seek redress under § 2255.  *See United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010); *United States v. Banda*, 1 F.3d 354, 355 (5th Cir. 1993).  Alternatively, even assuming that Nieto can raise his guidelines-error claim in a petition for audita querela, the claim lacks merit.  His conclusional assertions notwithstanding, Nieto does not present a new legal defense or demonstrate any legal defect in his judgment.  *See Banda*, 1 F.3d at 356.

Accordingly, the district court's judgment is affirmed.  The motion to dismiss is denied. The motion for summary affirmance is likewise denied.  *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006).  As the appeal can be decided without further briefing, in the interest of judicial economy, the motion for an extension of time is also denied.

JUDGMENT AFFIRMED; MOTIONS DENIED.