## In re Florencio ALVARADO-ALVINO, Respondent

### File A91 612 900 - San Diego

*Decided May 24, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien convicted of an offense described in section 275(a) of the Immigration and Nationality Act, 8 U.S.C. § 1325(a) (Supp. II 1996), is not convicted of an aggravated felony as that term is defined in section 101(a)(43)(N) of the Act, 8 U.S.C. § 1101(a)(43)(N) (Supp. II 1996), which specifically refers to those offenses relating to alien smuggling described in sections 274(a)(1)(A) and (2) of the Act, 8 U.S.C. § 1324(a)(1)(A) and (2) (Supp. II 1996).

Jose Luis Ramos, Esquire, South Pasadena, California, for respondent

Thomas P. Haine, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board Panel: HURWITZ and VACCA, Board Members; MORRIS, Temporary Board Member.

HURWITZ, Board Member:

In a decision dated May 14, 1998, an Immigration Judge found the respondent removable, determined that he was ineligible for cancellation of removal, and ordered him removed to Mexico. The respondent has appealed. The appeal will be sustained, and the record will be remanded to the Immigration Judge.

On the Notice to Appear (Form I-862), the Immigration and Naturalization Service alleged that the respondent sought to enter the United States on September 8, 1997, while attempting to smuggle two aliens into the country with him. The Service has alleged that the respondent is thus inadmissible and subject to removal as an alien who knowingly encouraged, induced, assisted, abetted, or aided another alien to enter the United States in violation of law. *See* section 212(a)(6)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(E)(i) (Supp. II 1996). Previously, the respondent was convicted on December 12, 1989, in the United States District Court for the Southern District of California of aiding and abetting illegal entry (a misdemeanor) in violation of 18 U.S.C.

§ 2 (1988) and 8 U.S.C. § 1325 (1988), for which he received a sentence of 30 days' imprisonment.

At a hearing held on November 19, 1997, the respondent conceded removability but sought to apply for the relief of cancellation of removal. At that hearing, it was determined that the respondent is a lawful permanent resident. However, the Service argued that the respondent might be ineligible for cancellation of removal, because he had been convicted of an aggravated felony. At a hearing held on December 17, 1997, the Service indicated that it would not be asserting that the respondent had been convicted of an aggravated felony, and the Immigration Judge tentatively determined that the respondent was statutorily eligible for cancellation of removal. However, at a subsequent hearing held on May 14, 1998, the Service reiterated its earlier position that the respondent was ineligible for cancellation as an alien convicted of an aggravated felony. The Immigration Judge agreed and found the respondent statutorily ineligible for cancellation of removal.

On appeal, the respondent argues that the Immigration Judge erred in finding that the respondent had been convicted of an aggravated felony and was therefore statutorily ineligible for cancellation of removal. Specifically, the respondent argues that in order to be classified as an aggravated felon under section 101(a)(43)(N) of the Act, 8 U.S.C. § 1101(a)(43)(N) (Supp. II 1996), he would have had to have been convicted of an offense explicitly described in sections 274(a)(1)(A) or (2) of the Act, 8 U.S.C. §§ 1324(a)(1)(A) or (2) (1988). Because the respondent was in fact convicted under section 275(a) of the Act, 8 U.S.C. § 1325(a) (1988), he argues that he could only fall under the aggravated felony definition described in section 101(a)(43)(O). However, as the respondent has never been deported based on a conviction for an offense described in another subparagraph of section 101(a)(43), he argues that he cannot be charged with having been convicted of an aggravated felony under that subparagraph either. Upon review of the record, we agree with the respondent that he has not been convicted of an aggravated felony as that term is contemplated in the Act.

The Service argues, and the Immigration Judge found, that the respondent had been convicted of an aggravated felony as described in section 101(a)(43)(N) of the Act. The Immigration Judge therefore concluded that the respondent was statutorily ineligible for cancellation of removal as a lawful permanent resident who has committed an aggravated felony as contemplated by the Act. Section 240A(a)(1) of the Act, 8 U.S.C. § 1229b(a)(1) (Supp. II 1996).

Section 101(a)(43)(N) of the Act defines an aggravated felony as

> an offense described in paragraph (1)(A) or (2) of section 274(a) (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this Act.

Section 101(a)(43)(O) of the Act defines an aggravated felony as

an offense described in section 275(a) or 276 committed by an alien who was previously deported on the basis of a conviction for an offense described in another subparagraph of this paragraph.

The genesis of the Service's position is that section 101(a)(43)(N) classifies any conviction "related to alien smuggling" as an aggravated felony, regardless of whether the offense is explicitly described in sections 274(a)(1)(A) or (2). Therefore, the Service opines that although the respondent was convicted of an offense described in section 275(a) of the Act, rather than sections 274(a)(1)(A) or (2), his offense was sufficiently "related to alien smuggling" that he should be classified as having committed an aggravated felony as described in section 101(a)(43)(N). The Service also argues that because an offense such as armed robbery can be classified under more than one subparagraph (as a crime of violence or a theft offense), an offense described in section 101(a)(43)(O) can also be classified under section 101(a)(43)(N).

Regarding the Service's primary contention, we disagree that section 101(a)(43)(N) can be read to mean that any offense "relating to alien smuggling" is covered under this subparagraph, even if the offense is not listed in sections 274(a)(1)(A) or (2). The plain language of section 101(a)(43)(N) reveals that Congress intended to specifically reference the offenses listed in sections 274(a)(1)(A) and (2). *See INS v. Cardoza-Fonseca,* 480 U.S. 421, 433 n.12 (1987) (stating that there is a "strong presumption that Congress expresses its intent through the language it chooses"); *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843 (1984) (stating that courts "must give effect to the unambiguously expressed intent of Congress"). Indeed, this Board has recently held that the parenthetical "related to alien smuggling" is *descriptive of the offenses specifically listed in sections 274(a)(1)(A) and (2). Matter of Ruiz-Romero*, 21 I&N Dec. 3376, at 5 (BIA 1999). In fact, we found that if Congress had intended to cross-reference the offenses listed in section 212(a)(6)(E)(i) (the ground of inadmissibility under which the respondent was found removable) and other sections listing grounds of inadmissibility and deportability, it would have done so. *Id.*

Similarly, if Congress had intended that offenses described in section 275(a) and referred to in section 101(a)(43)(O) could be cross-referenced with the offenses specifically referenced in section 101(a)(43)(N), it would have done so. In ascertaining the "plain meaning" of the statute, the Board "must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291 (1988). As noted in *Matter of Ruiz-Romero, supra,* section 101(a)(43)(N) has been amended by Congress several times in recent years. *Id.* at 7 (describing the various changes Congress has made to this

subparagraph of the aggravated felony definition). Congress had ample opportunity to include offenses described in section 275(a) within section 101(a)(43)(N), but chose not to do so. Instead, Congress created a separate subparagraph relating to offenses described in section 275(a) and specifically stated that a conviction for an offense described in section 275(a) would *only* render an alien an aggravated felon if he had *also* been deported previously for a *separate* offense described in *another* subparagraph of section 101(a)(43). Section 101(a)(43)(O) of the Act. The paramount index of congressional intent is the plain meaning of the words used in the statute as a whole. *See INS v. Cardoza-Fonseca, supra*, at 431. By considering sections 101(a)(43)(N) and (O) together, it is clear that Congress meant to differentiate between the more serious offenses listed in sections 274(a)(1)(A) and (2), and the offenses described in section 275(a).

Finally, we find the Service's contention that offenses may be categorized in more than one subparagraph of the aggravated felony definition to be inapposite in this case. The Service uses the crime of armed robbery as an example of such an offense, because it can be characterized as either a crime of violence under section 101(a)(43)(F), or a theft offense under section 101(a)(43)(G). However, neither subparagraphs (F) or (G) reference specific offenses described elsewhere in the Act; rather, they refer to generic crimes of violence or theft offenses, respectively. By the plain meaning of those subparagraphs, Congress clearly intended them to include broad categories of offenses. It is therefore not surprising that an offense may be both a theft offense and a crime of violence. However, as discussed above, Congress clearly delineated sections of the Act under which crimes described therein would constitute aggravated felonies. By doing so, Congress was in fact ensuring that an offense specifically listed in section 275(a) would not also be cross-referenced in sections 274(a)(1)(A) or (2). Therefore, an alien convicted of an offense described in section 275(a) would not be considered an aggravated felon under section 101(a)(43)(N) of the Act.

Accordingly, the respondent's appeal will be sustained, and the record will be remanded for a hearing on the merits of the respondent's application for cancellation of removal.

**ORDER:** The appeal is sustained, and the record is remanded to the Immigration Judge.