United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2006**

Charles R. Fulbruge III
Clerk

REVISED AUGUST 16, 2006
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50869
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES DOUGLAS MESSERVEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:98-CR-155-ALL
--------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Douglas Messervey, federal prisoner # A001307, appeals the district court's order granting the Government's motion for turnover of property seized from Messervey's residence. He argues that the property was illegally seized because it was unrelated to the offenses with which he was charged. Messervey also argues that the Government demanded a criminal forfeiture in a superseding indictment to illegally retain his property. He argues that the property should be

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

returned to him because the Government waived its right to forfeiture and also failed to provide a written agreement concerning restitution that it agreed to submit to the district court.

Messervey's complaints about the validity of the criminal forfeiture are without merit. The Government waived its right to forfeiture in return for the Federal Bureau of Investigation retaining possession of the seized properties until any appeal in the case became final and the property could be sold to pay any restitution due to victims. Messervey agreed to this arrangement in open court. Because the Government waived the right to criminal forfeiture of the property, and because the parties agreed the property would be sold to satisfy the restitution order, whether the seized property was related to or facilitated the offenses was not relevant. Additionally, Messervey has provided no legal reason to set aside that agreement due to the Government's failure to provide a written order concerning the details of the payment of restitution.

Messervey argues that he is entitled to relief based on equity or laches. Messervey has failed to make the required showing that he suffered any prejudice due to any representations made or delays caused by the Government. See Rogers v. City of San Antonio, 392 F.3d 758, 773 (5th Cir. 2004) (equitable estoppel); Clymore v. United States, 217 F.3d 370, 376 (5th Cir. 2000) (laches). As discussed, the agreement made concerning the

property was made in open court and without any objection by Messervey. The delays in the case were caused by Messervey's changing his counsel on several occasions and obtaining continuances of the sentencing hearing. Messervey is not entitled to relief based on the doctrines of equity or laches. Id.

Messervey also argues that the Government could not seek to retain possession of the property by obtaining a turnover order. Title 28 U.S.C. § 3001 et seq. provides the exclusive civil procedures to be used by the United States to recover a judgment on a debt. § 3001(a)(1). The term "debt" includes an amount that is owed to the United States including an amount due for restitution or a fine. § 3002(3)(B). The Government is authorized to collect criminal fines and restitution in favor of victims. United States v. Phillips, 303 F.3d 548, 550-51 (5th Cir. 2002). A fine or an order of restitution may be enforced in accord with the practices and procedures of a civil judgment under federal or state law. 18 U.S.C. § 3613(a), § 3613(f). The Texas turnover statute, Tex. Civ. Prac. & Rem. Code Ann. § 31.002, enables a judgment creditor to obtain a turnover order regarding nonexempt property in the debtor's possession or subject to the debtor's control. The issuance of a turnover order is reviewed for an abuse of discretion and "may be reversed only if the court has acted in an unreasonable or

arbitrary manner." Santibanez v. Wier McMahon & Co., 105 F.3d 234, 239 (5th Cir. 1997).

The record reflects that Messervey was ordered to pay restitution to his victims, a fine, and a special assessment. Messervey did not appeal the imposition of the order of restitution and a fine. See United States v. Messervey, 317 F.3d 457 (5th Cir. 2002). The United States possessed a valid lien on any properties owned by Messervey, and it employed a valid state procedural vehicle to collect the debt due. The district court did not act in an unreasonable or arbitrary manner in granting the turnover motion.

Messervey also contends that the seized property belonged to a trust created by him in 1996 and, thus, it was not subject to the restitution order. The issue whether the seized property was transferred to a trust was never ruled upon by the district court. Because Messervey is thus in effect raising this claim for the first time on appeal, review is for plain error. United States v. Jones, 444 F.3d 430, 443 (5th Cir. 2006). Whether the transfer of the seized property to a trust was valid or fraudulent would require the resolution of factual issues. Generally, "[f]or a fact issue to be properly asserted, it must be one arising outside of the district court's power to resolve." United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991). Because the district court could have resolved whether the property was

part of a trust, this claim does not survive plain error review.

See id.

The order granting the turnover motion is AFFIRMED. Messervey's motion for declaratory relief and for imposition of sanctions on the United States Attorney is DENIED.