**Jesus Natividad SANTOS–SANCHEZ, Plaintiff–Appellant**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 11–40937**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 16, 2012.

George William Aristotelidis, San Antonio, TX, Matthew Paul Nickson, Houston, TX, for Plaintiff–Appellant.

David W. White, Esq., U.S. Attorney's Office, Laredo, TX, for Defendant–Appellee.

954

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM: *

Jesus Natividad Santos–Sanchez (Santos) petitioned the district court for a writ of coram nobis, alleging that he received ineffective assistance of counsel and seeking to vacate his conviction for aiding and abetting the illegal entry of an alien. The district court denied the petition, finding that counsel's performance was deficient in light of *Padilla v. Kentucky*, —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), but that Santos failed to demonstrate prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Santos contends that the district court erred when it concluded that he had not suffered prejudice and abused its discretion when it denied coram nobis relief.

On appeal from a district court's denial of a petition for a writ of coram nobis, this court reviews factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ for abuse of discretion. *Santos–Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir.2008), *vacated on other grounds*, —— U.S. ——, 130 S.Ct. 2340, 176 L.Ed.2d 559 (2010). In *United States v. Amer*, 681 F.3d 211, 212–14 (5th Cir.2012), this court held that *Padilla* announced a new rule that does not apply retroactively to cases on collateral review.

Without the benefit of *Padilla*, Santos cannot, for the reasons this court set forth in its earlier opinion, demonstrate that counsel's performance was deficient for failing to warn him of the immigration consequences of his guilty plea or, concomitantly, that the district court abused its discretion when it denied his petition. *See Santos–Sanchez*, 548 F.3d at 334–36. Consequently, the court does not reach Santos's argument that he was prejudiced by counsel's performance and that the district court erred when it concluded that, even if he did show prejudice, he was not entitled to coram nobis relief. *See Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.