# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-10876
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2013

Lyle W. Cayce
Clerk

SADIQ OLASUNKA ADELEKE,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2543

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM: [*]

Sadiq Olasunka Adeleke, formerly federal prisoner # 27944-077 and now Texas prisoner #792196, appeals the district court's denial of his petition for writ of coram nobis. In that petition, Adeleke challenged his 1996 guilty plea convictions for making a false statement in an application for a passport and falsely representing himself to be a United States citizen. [1] He alleged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In September 2011, Adeleke filed a pro se § 2255 motion challenging his federal convictions. As he was no longer in federal custody having served his federal sentence, the district court properly

No. 12-10876

that counsel failed to advise him of the deportation consequences of his guilty plea, denying him effective assistance of counsel and rendering his guilty plea not knowing and voluntary, and that counsel failed to advise him of the effect his guilty plea would have on his pending state charge, denying him effective assistance of counsel.  He contended that he did not know that he could challenge his conviction on ineffective assistance grounds until March 2010 when he read of the Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010).

A certificate of appealability is not required to appeal the district court's judgment.  *See United States v. Dyer*, 136 F.3d 417, 429 n.32 (5th Cir. 1998) (distinguishing coram nobis remedy from habeas corpus); *United States v. Guerra*, 187 F. App'x 414, 415-16 (5th Cir. 2006).  We review factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ of coram nobis for abuse of discretion. *Santos–Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010).

Adeleke argues that the district court erred in finding that the new rule of constitutional law outlined in *Padilla*, 559 U.S. at 388 – attorney's failure to advise criminal defendant about potential immigration consequences of guilty plea could give rise to ineffective assistance of counsel claim – was not retroactively applicable on collateral review.  The district court was correct. *See Chaidez v. United States*, 133 S. Ct. 1103, 1107-14 (2013) ("[U]nder the principles set out in *Teague . . . Padilla* does not have retroactive effect);

---

construed his § 2255 motion as a petition for writ of error coram nobis. *See United States v. Esogbue*, 357 F. 3d 532 (5th Cir. 2004) ("a writ of error coram nobis is the remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255") (quotation marks and citation omitted).  Adeleke does not challenge the district court's construction of his § 2255 motion as a petition for writ of error coram nobis.

2

No. 12-10876

*United States v. Amer*, 681 F.3d 211, 213-14 (5th Cir. 2012) (holding that *Padilla* does not apply retroactively to cases on collateral review); *Santos-Sanchez v. United States*, 482 F. App'x 953, 954 (5th Cir. 2012) (unpublished) (on appeal after remand from the Supreme Court to consider *Padilla*, affirming denial of petition for coram nobis).   As *Padilla* lacks retroactive effect, this court's prior decisions apply.   Prior to *Padilla*, this court held that failure of counsel to advise his client of other collateral consequences did not violate the Sixth Amendment.   *See United States v. Banda*, 1 F.3d 354, 355-356 (5th Cir. 1993).   Accordingly, the district court did not abuse its discretion by denying coram nobis relief without a hearing.

Relying on the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, Adeleke contends that the district court abused its discretion by denying his motions for appointment of counsel without a hearing and without stating reasons. The record belies his assertion that the district court failed to state reasons. We review de novo the legal question of whether an appointment for the purpose for which the movant seeks counsel complies with the CJA.   *United States v. Garcia*, 689 F.3d 362, 363 (5th Cir. 2012).   CJA provides that an attorney *shall* be appointed for a financially eligible person who is in certain criminal proceedings, "from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings," or who "is entitled to appointment of counsel under the sixth amendment to the Constitution."   § 3006(a)(1)(H), (c).   Postconviction proceedings are not "ancillary proceedings" for purposes of § 3006A, and there is no constitutional right to counsel in postconviction proceedings. *Garcia,* 689 F.3d at 364-65. A court *may* appoint counsel "for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28" when it "determines that the interests of justice so require." § 3006A(a)(2)(B).   As

No. 12-10876

discussed above, a writ of coram nobis may be sought only when no other remedy, such as § 2255, is available. *United States v. Esogbue*, 357 F.3d 532, 534. Thus, under the plain language of the CJA, appointment of counsel was neither required nor permitted. The district court therefore did not abuse its discretion by denying Adeleke's motions for appointment of counsel without a hearing. Adeleke's motions in this court for the appointment of appellate counsel and for remand to the district court are denied.

Adeleke brings to this court's attention the Supreme Court's decisions in *Missouri v. Frye,* 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), both of which were decided on March 21, 2012, months before Adeleke filed his constructive coram nobis petition in September 2012. As the issues underlying these cases have not been addressed, either in district court or on appeal, we decline to address them further.

AFFIRMED; MOTIONS DENIED.