# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 08-60469

———

JESUS NATIVIDAD SANTOS-SANCHEZ,

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

———

Petition for Review of an Order of the
Board of Immigration Appeals

———

Before KING, CLEMENT, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

This is a petition for review from a BIA decision dismissing Jesus Natividad Santos-Sanchez's ("Santos") appeal from a removal order. The BIA determined that Santos's conviction for aiding and abetting improper entry under 8 U.S.C. § 1325(a) established his removability pursuant to 8 U.S.C. § 1227(a)(1)(E)(i). We conclude that Santos's conviction documents are sufficient to establish that his conduct renders him removable under § 1227(a)(1)(E)(i) and deny the petition for review.

## I. Facts and Procedural Background

Santos, a native and citizen of Mexico, became a lawful permanent resident of the United States in 2001. In 2003, he pleaded guilty to aiding and abetting the illegal entry of Alberto Fonseca Rodriguez ("Fonseca"), a Mexican

national, in violation of 8 U.S.C. § 1325(a) and 18 U.S.C. § 2(a). The criminal complaint set forth that the car Santos was driving was inspected as he approached a border patrol checkpoint in Laredo, Texas, and that Fonseca was found in the rear seat. The complaint also provided that investigation revealed that Santos was called by an unknown person to pick up Fonseca after Fonseca crossed the Rio Grande River.

The Department of Homeland Security ("DHS") initiated removal proceedings against Santos under an alien smuggling provision. *See* 8 U.S.C. § 1227(a)(1)(E)(i). An immigration judge ("IJ") determined that Santos was not removable because Santos's § 1325(a) conviction did not fall under the purview of § 1227(a)(1)(E)(i) and terminated the proceedings.[1] The BIA, in a decision rendered April 25, 2006, disagreed and concluded that the conviction documents established that the transportation in this case constituted aiding and abetting illegal reentry. The BIA vacated the IJ's order terminating the removal proceedings and remanded the case for further proceedings.

On September 12, 2006, Santos filed a petition for a writ of coram nobis in the district court where he pleaded guilty, seeking to vacate his conviction on the ground that he had not been properly advised of the immigration consequences of his guilty plea. While Santos's petition for coram nobis relief remained pending, the IJ conducted a merits hearing; Santos attempted to attack the finality of his conviction by submitting evidence of his efforts to obtain a writ of coram nobis.[2] The DHS offered documentary and testimonial

---

[1] The IJ appears to have concluded that since violation of § 1325(a) is not an aggravated felony, Santos was not removable. However, DHS charged Santos with being removable under 8 U.S.C. § 1227(a)(1)(E)(i), not under the aggravated felony removability provision, 8 U.S.C. § 1227(a)(2)(A)(iii). Violation of § 1325(a) is not an aggravated felony. *In re Alvarado-Alvino*, 22 I. & N. Dec. 718, 720-21 (BIA 1999).

[2] The district court subsequently denied the writ of coram nobis, and this court affirmed. *See Santos-Sanchez v. United States*, 482 F. App'x 953, 954 (5th Cir. 2012).

No. 08-60469

evidence apart from the conviction documents to show that Santos spoke with Fonseca before Fonseca left Mexico, and at that time arranged to pick up Fonseca near Laredo after he crossed the border.  The IJ determined that both the conviction documents and the additional evidence regarding Santos's conduct established that Santos was removable under § 1227(a)(1)(E)(i).  Santos appealed to the BIA.

In a May 5, 2008 decision, the BIA dismissed Santos's appeal.  The BIA noted its prior holding that Santos's "conviction for alien smuggling was established via [a] categorical match between the grounds of removability and the terms of the statutes under which he was convicted" and that this holding remained the law of the case.  The BIA held that insofar as Santos remained convicted of violating § 1325 and § 2, his convictions rendered him removable under § 1227(a)(1)(E)(i).  Santos filed a timely petition for review.[3]

## II.  Discussion

The question we must decide is whether Santos's conviction under 8 U.S.C. § 1325(a) rendered him removable pursuant to § 1227(a)(1)(E)(i).  We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252(a)(1).  The government is required to establish the grounds of removability by "clear, unequivocal, and convincing evidence."  *Woodby v. INS*, 385 U.S. 276, 286 (1966).  We review factual conclusions of the BIA for substantial evidence.  *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).  We review questions of law de novo, with deference to the BIA's interpretations of ambiguous provisions of the INA.  *Id.*

---

[3] In November 2009, this court granted Santos's unopposed Motion to Abate Appeal pending the determination of his petition for writ of certiorari to the Supreme Court in his coram nobis proceeding.  The Supreme Court denied Santos's petition on May 28, 2013, *Santos-Sanchez v. United States*, 133 S. Ct. 2734 (2013), and this appeal was removed from abeyance.

No. 08-60469

Santos pleaded guilty to aiding or abetting violation of 8 U.S.C. § 1325(a).

Section 1325(a) provides:

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both, and, for a subsequent commission of any such offense, be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1325(a). He was sentenced to one year probation and a fine. Santos was then charged by DHS with being removable under 8 U.S.C. § 1227(a)(1)(E)(i), which provides in pertinent part that: "[a]ny alien who . . . knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is deportable."

After the BIA's decision in this case, the BIA concluded that conviction under § 1325(a) necessarily establishes an alien's removability pursuant to § 1227(a)(1)(E)(i). *See Matter of Martinez-Serrano*, 25 I. & N. Dec. 151, 153-54 (BIA 2009). Santos disputes that conclusion, arguing that § 1325(a) may be violated in ways that are unconnected to an illegal entry. However, we find it unnecessary to reach the question of whether every violation of § 1325(a) automatically establishes removability under § 1227(a)(1)(E)(i). Despite Santos's argument to the contrary, in his case, the BIA did not rely on a finding that there was a "categorical match" between the statutes to find him removable. Reading the 2006 and 2008 BIA decisions together, it is clear that the BIA actually relied on the documents associated with Santos's § 1325(a) conviction, including the criminal complaint and judgment of conviction, to find that Santos's particular conduct established his removability. We likewise look to those documents to resolve this appeal. *See* 8 U.S.C. 1229a(c)(3)(B)

(providing that an "official record of judgment and conviction" shall constitute proof of a criminal conviction); *Omari v. Gonzales*, 419 F.3d 303, 308 (5th Cir. 2005) (providing that for guilty pleas, the record of conviction includes the charging document).

The BIA found Santos removable because the conviction documents establish that he "encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." 8 U.S.C. § 1227(a)(1)(E)(i).  The judgment in Santos's criminal case specifically states that Santos was charged with and convicted of "knowingly and willfully aid [sic] and abet [sic] the illegal entry of Mexican alien, Alberto Fonseca Rodriguez, by attempting to transport him to further his entry into the United States, in violation of Title 8 and 18, United States Code, Sections 1325 and 2(a), as charged by Criminal Complaint."  Santos heavily relies on his argument that the conviction documents do not state what subsection of § 1325(a) he was charged with violating, and thus that he could have been convicted of merely aiding Fonseca to elude examination or inspection in a manner unconnected to entry.  However, the conviction documents clearly describe aiding and abetting an illegal entry.  Santos makes a similar argument that the conviction documents establish that, at most, he was convicted of mere transporting. However, the fact that the transporting was sufficiently connected to the entry is also established by the conviction itself, for "aid[ing] and abet[ting] illegal entry . . . by attempting to transport [Fonseca] to further his entry into the United States." *See Matter of I- M-*, 7 I. & N. Dec. 389, 391 (BIA 1957) (explaining that transporting can be aiding entry where aliens were picked up after entry with a previous design); *see also United States v. Flores-Peraza*, 58 F.3d 164, 168 (5th Cir. 1995) (noting that § 1325(a) "requires the government to prove how the entry was effected"). Santos's arguments are essentially collateral attacks on his prior conviction,

which are not permitted in an appeal of a removal order. *See Brown v. INS*, 856 F.2d 728, 731 (5th Cir. 1988); *see also Zinnanti v. INS*, 651 F.2d 420, 421 (5th Cir. 1981).

The BIA's finding that the conviction documents associated with Santos's § 1325(a) conviction established Santos's removability pursuant to § 1227(a)(1)(E)(i) is supported by substantial evidence.

## III.  Conclusion

For the foregoing reasons, the petition for review is DENIED.