# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11707
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TRENT BREWER,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CR-294-2

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Trent Brewer, federal prisoner # 24313-077 and proceeding *pro se*, challenges the district court's ordering the Bureau of Prisons to turn over all but $200 in his inmate-trust account, in partial satisfaction of $5,000 in restitution owed the victims of his crimes. The grant of a turnover order is reviewed for abuse of discretion. *United States v. Messervey*, 182 F. App'x 318,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-11707

321 (5th Cir. 2006) (citing *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997)).  There was no abuse of discretion, as discussed below.

The turnover order arises out of Brewer's 1997 conviction for mail fraud, in violation of 18 U.S.C. § 1341, and fraudulent use of a social-security number, in violation of 42 U.S.C. § 408(a)(7)(B).  He contends the order was improper because, *inter alia*, he did not owe interest on his original restitution obligation, he never defaulted on his Inmate Financial Responsibility Program (IFRP) payment plan, the Government violated the notification requirements in 18 U.S.C. § 3664(k), and he paid $1,800 while on supervised release in 2003–04.  He also contends, *inter alia*, that, in the light of the necessity of discovery in proving his $1,800 in payments and the practical impossibility of conducting such discovery while incarcerated, the court erred in not appointing him counsel.

In asserting he does not owe interest on the original $5,000 restitution obligation, Brewer claims his 1997 judgment did not require payment of interest.  He also contends there is a conflict between the oral and written amended-revocation judgments regarding the payment of interest, because the court did not orally require interest.

Interest is required by statute, unless waived by the district court at sentencing.  18 U.S.C. § 3612(f)(1) ("defendant shall pay interest on any fine or restitution").  Even assuming the court did not orally require Brewer to pay interest, there is no conflict in the oral and written judgments because 18 U.S.C. § 3612(f)(1) requires the payment of interest, unless waived.  In addition, Brewer's amended-revocation judgment, imposed in 2005, did require payment of interest.

Next, Brewer asserts that, because he has not defaulted on his IFRP payment plan, the court could not enter a turnover order.  Participation in the

2

No. 16-11707

IFRP and compliance with a payment schedule does not "preclude[] the Government from using other available collection mechanisms to seek payment of monetary penalties". *United States v. Diehl,* 848 F.3d 629, 633 (5th Cir. 2017). Brewer received a $4,000 inheritance in his inmate-trust account, and he was required to apply those funds to his remaining restitution balance pursuant to 18 U.S.C. § 3664(n), regardless of whether he unfailingly paid his $20-per-month IFRP payment plan.

Brewer asserts the Government failed to comply with the notification requirements in 18 U.S.C. § 3664(k), which requires notification of changes in circumstances affecting defendant's ability to pay restitution. The notification requirement in 18 U.S.C. § 3664(k) is inapplicable because the Government's motion was based on 18 U.S.C. § 3664(n): "If a person obligated to provide restitution . . . receives substantial resources . . . including inheritance . . . such person shall be required to apply the value of such resources to any restitution . . . owed". There is no notification requirement for 18 U.S.C. § 3664(n).

For the claim that he was not credited the $1,800 in payments he made while on supervised release in 2003–04, Brewer has the burden of proving such payments. *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998); 18 U.S.C. § 3664(e). Brewer provides no proof he made such payments while on supervised release. Along that line, the court revoked his supervised released because, *inter alia*, he failed to make such payments.

Brewer also contends the court abused its discretion by failing to consider his financial obligations, specifically those to dependents. Nevertheless, the magistrate judge's report, which the district court accepted, shows the consideration given Brewer's desire to support his children. Brewer also offered to pay the remaining principal balance if the court would agree to waive any interest. While the court has the authority to alter or amend a

3

No. 16-11707

restitution obligation, Brewer has not pointed to any authority permitting a court to reach such a settlement agreement with a prisoner regarding his financial obligations.

Finally, Brewer maintains the court should have appointed counsel under the Criminal Justice Act.  It states, in relevant part:  any "person for whom counsel is appointed shall be represented at every stage of the proceedings . . . including ancillary matters appropriate to the proceedings".  18 U.S.C. § 3006A(c).  But, our court has stated that "ancillary matters refers to those involved in defending the principal criminal charge and not to post-conviction proceedings".  *United States v. Garcia,* 689 F.3d 362, 364 (5th Cir. 2012) (quoting *United States v. Whitebird,* 55 F.3d 1007, 1010 (5th Cr. 1995)).

AFFIRMED.