# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20023
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BABAR JAVED BUTT,

Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-452-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Babar Javed Butt appeals postjudgment rulings by the district court relating to the restitution and forfeiture ordered in connection with his guilty plea convictions for mail fraud in violation of 18 U.S.C. § 1341. As the Government notes, Butt's notice of appeal from the amended forfeiture order was executed more than 14 days after the order was entered. *See* FED. R. APP. P. 4(b)(1)(A)(i); FED. R. CRIM. P. 32.2(b)(4)(C); *Eberhart v. United States*, 546

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20023

U.S. 12, 18 (2005). Thus, we dismiss as untimely the appeal from the amended forfeiture order. *See Eberhart*, 546 U.S. at 18. Moreover, because the denial of Butt's motion for discovery in an as yet unfiled civil suit was neither a final order nor an appealable interlocutory order, we lack jurisdiction to hear the appeal from the denial of that motion. *See* 28 U.S.C. §§ 1291, 1292; *Periodical Publishers Serv. Bureau, Inc. v. Keys*, 981 F.2d 215, 217-18 (5th Cir. 1993).

Butt timely appealed the district court's turnover order as that proceeding was civil in nature. *See* 18 U.S.C. § 3613(a), (f); FED. R. APP. P. 4(a)(1)(B). The district court did not abuse its discretion in granting the Government's turnover motion. *See United States v. Messervey*, 182 F. App'x 318, 321 (5th Cir. 2006) (per curiam) (quoting *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997)). To the extent Butt had any interest in the $91,267 that was ordered turned over, it could be used to satisfy the restitution debt owed by Butt. *See* 18 U.S.C. § 3613(a); TEX. CIV. PRAC. & REM. CODE § 31.002(a); *Messervey*, 182 F. App'x at 321. To the extent there are third-party interests in the $91,267, Butt does not have standing to advance those interests. *See McCormack v. Nat'l Collegiate Athl. Ass'n*, 845 F.2d 1338, 1341 (5th Cir. 1988); *see also United States v. King*, 123 F. App'x 144, 145 (5th Cir. 2004) (per curiam). Further, in light of the foregoing, Butt cannot show reversible error in connection with the district court's denial of Butt's motion for an evidentiary hearing in the turnover proceeding.

Accordingly, Butt's appeal is DISMISSED IN PART with respect to the amended forfeiture order due to an untimely notice of appeal. His appeal is DISMISSED IN PART with respect to the denial of his discovery motion due to lack of jurisdiction. The appeal is AFFIRMED IN PART with respect to the turnover order. Butt's motion for the appointment of counsel is DENIED.