# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50359
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALAN WADE JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CV-246

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alan Wade Johnson, federal prisoner # 09514-079, was convicted of firearms-related offenses in 1995. He now appeals the district court's denial in part of his Federal Rule of Criminal Procedure 36 motion and the denial of his motion for the appointment of counsel. Johnson argues that the district court erred in finding that the clerical error in the presentence report did not affect his federal sentence. He contends that the sentencing court ordered his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal sentence to run consecutively to the state sentence due to this error and that the court did not consider the factors of 18 U.S.C. § 3553(a).

Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. The district court granted the motion to the extent that Johnson sought correction of a clerical error. Johnson argues for a resentencing, seeking credit for time served or an order to run the sentence concurrently to his state sentences. These changes sought by Johnson do not involve the mechanical correction of a clerical error or concern an error arising from an oversight or omission. As Johnson was essentially requesting resentencing, he was not simply asking for a correction of a clerical error. Thus, the changes that he demanded and sought regarding his actual sentence are not the type of error that may be corrected under Rule 36. *See United States v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014); *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008). The district court did not err in denying Johnson's Rule 36 motion in this regard.

Johnson contends that the district court erred in denying his motion for appointment of counsel. We review de novo the legal question whether an appointment for the purpose for which the movant seeks counsel complies with the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. *United States v. Garcia*, 689 F.3d 362, 363 (5th Cir. 2012). Under the plain language of the CJA, appointment of counsel was not required. Accordingly, the district court did not abuse its discretion by denying the motion for appointment of counsel.

The judgment of the district court is AFFIRMED.