# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2023

Lyle W. Cayce
Clerk

No. 22-40557
Summary Calendar

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

John Steven Stark,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CR-11-1

———————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges.*

Per Curiam:

John Stark appeals the denial of adjustment of a restitution order. He contends that the $1,400 stimulus payment he received in 2021 under the American Rescue Plan Act was exempt from levy to satisfy the restitution judgment, that the payments violated the Takings Clause of the United States Constitution, and that failing to pay would jeopardize his participation in rehabilitative programs and placement in a halfway house. The government has filed an opposed motion for summary affirmance or, in the alternative, for an extension of time to file a merits brief.

No. 22-40557

A district court can adjust a restitution payment schedule where there has been "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). If a defendant "receives substantial resources from any source" while still imprisoned, he is required to apply the value received to any restitution. § 3664(n). All non-exempt assets may be pursued for restitution, including those in a Bureau of Prisons ("BOP") inmate trust account. 18 U.S.C. § 3613(a).

Stark maintains that the stimulus payment was exempt from levy and could not be used to satisfy restitution. Section 3613(a) refers to a certain portion of the Internal Revenue Code that sets out property that is exempt from levy. *See* 26 U.S.C. § 6334(a)(1)–(8), (10), (12). A stimulus payment does not qualify for any of those exemptions.

Moreover, Stark does not identify any statutory exemption that he claims to be applicable. Because the stimulus payment constituted "substantial resources from any source . . . during a period of incarceration," § 3664(n), Stark was required to apply the entire $1,400, not merely half, to restitution, *see United States v. Hughes*, 914 F.3d 947, 951 (5th Cir. 2019).

Contrary to Stark's suggestion, paying court-ordered restitution from non-exempt funds would not constitute a taking without compensation under the Fifth or Fourteenth Amendments. *See, e.g.*, *United States Fid. & Guar. Co. v. McKeithen*, 226 F.3d 412, 416 (5th Cir. 2000) (discussing the types of takings claims). And although Stark is correct that failing to pay could jeopardize his participation in rehabilitative programs and placement in a halfway house, *see United States v. Diehl*, 848 F.3d 629, 633 (5th Cir. 2017), imposition of those conditions "does not violate an inmate's liberty interests under the Due Process Clause," *Driggers v. Cruz*, 740 F.3d 333, 338–39 (5th Cir. 2014).

Finally, to the extent that Stark's briefing can be read as a challenge to

No. 22-40557

the payment plan created by the BOP under the Inmate Financial Responsibility Program ("IFRP"), he cannot do so. Modification of the IFRP plan requires the prisoner to seek relief under 28 U.S.C. § 2241, after exhausting all administrative remedies, in the district of his incarceration. *United States v. Diggs*, 578 F.3d 318, 319–20 (5th Cir. 2009). Stark did not file a § 2241 petition; he is incarcerated in the District of Arizona; and he does not state that he exhausted administrative remedies.

The judgment is AFFIRMED. The government's motion for summary affirmance and alternative motion for an extension of time to file a brief are DENIED as moot.