# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-3008**

**September Term, 2022**

**1:00-cr-00045-ABJ-1**

**Filed On:** February 6, 2023

United States of America,

       Appellee

    v.

Abdullah Mattocks, also known as Abdul-Nur
Zaid,

       Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**   Henderson, Katsas, and Rao, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. Because Mattocks is not "seeking relief under section 2241, 2254, or 2255 of title 28," counsel may not be appointed for him pursuant to 18 U.S.C. § 3006A(a)(2)(B). See Sadiq Olasunka Adeleke v. United States, 550 F. App'x 237, 239 (5th Cir. 2013). Nor has he shown that appointment of pro bono counsel is warranted. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed January 12, 2022, be affirmed. The district court properly denied appellant's petition for writ of coram nobis on the basis that appellant did not demonstrate fundamental error warranting vacatur of his conviction for possession of a firearm by an individual who has been convicted of a crime punishable by imprisonment for more than one year. See 18 U.S.C. § 922(g)(1); United States v. Newman, 805 F.3d 1143, 1146 (D.C. Cir. 2015). Appellant does not dispute that at the time he possessed the firearm at issue in this case, he had previously served more than one year in prison pursuant to a conviction in the District of Columbia Superior Court. Under these circumstances, the district court correctly determined that appellant had not shown fundamental error based on the

court's failure to inform him at his plea hearing that, if he proceeded to trial, the government would be required to prove "that he knew he belonged to the relevant category of persons barred from possessing a firearm."  Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019); see Greer v. United States, 141 S. Ct. 2090, 2097 (2021) ("In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb," because "[i]f a person is a felon, he ordinarily knows he is a felon.").  Nor has Mattocks demonstrated fundamental error based on his argument that his conviction under § 922(g)(1) violated the Second Amendment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**