# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2023

Lyle W. Cayce
Clerk

No. 22-40469
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Anson Chi,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-155-1

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Anson Chi pleaded guilty to possession of an unregistered firearm and malicious use of explosive materials and was sentenced to 240 months of imprisonment. The district court also imposed restitution in the amount of $28,127.77. In 2022, the Government filed a motion for a turnover order, asserting that the Bureau of Prisons (BOP) then held $1,720.02 in cash in

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40469

Chi's inmate trust account. The district court granted the motion and issued a turnover order. Chi now appeals. The Government has filed an opposed motion for summary affirmance or, in the alternative, a motion for an extension of time to file a merits brief.

Chi raises several issues regarding the district court's initial restitution judgment, its adjudication of his 28 U.S.C. § 2255 motion, our decisions in his various appeals, and prosecutorial misconduct. However, we lack jurisdiction to consider rulings not designated in Chi's notice of appeal, as well as decisions in Chi's other appeals. *See United States v. Clayton*, 613 F.3d 592, 594 (5th Cir. 2010); Fed. R. App. P. 3(c)(1); *see generally* 28 U.S.C. § 1291.

We review the district court's turnover order for an abuse of discretion standard and will only reverse "if the court has acted in an unreasonable or arbitrary manner." *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997). In his brief, Chi states that his mother deposited $2,000 of his COVID-19 stimulus funds from the IRS into his inmate trust account. Because the stimulus payment constituted "substantial resources from any source" and did not qualify for any exemptions to tax levy, federal and state law permitted the district court's turnover order. 18 U.S.C. § 3664(n); *see also* 18 U.S.C. § 3613(a), (c); Tex. Civ. Prac. & Rem. Code § 31.002(a); *United States v. Stark*, 56 F.4th 1039, 1040–41 (5th Cir. 2023) (per curiam); *United States v. Diehl*, 848 F.3d 629, 631–33 (5th Cir. 2017).

To the extent Chi argues that the district court's turnover was unnecessary due to his agreement with the BOP to pay restitution in monthly installments, an inmate's compliance with a payment schedule does not preclude the Government from using other means of collection when, as here, the judgment provides that restitution is due immediately. *See Diehl*,

No. 22-40469

848 F.3d at 633–35.  While Chi argues that the district court was required to determine the source of his funds before issuing the turnover order, he cites only nonbinding law from the Eighth Circuit to support his claims.

Chi also argues that the district court's turnover order prevented him from paying court costs and fees, which prevented him from accessing the courts.  However, he has not alleged that he was prevented from preparing and transmitting legal documents or shown that he has a nonfrivolous legal claim that was impeded.  *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996); *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).  As to Chi's argument that he was not afforded notice or a meaningful opportunity to respond to the Government's motion, he has not demonstrated that any response he may have filed would have affected the district court's decision to enter the turnover order.  *See United States v. Rand*, 924 F.3d 140, 144–45 (5th Cir. 2019) (per curiam).

The appeal of the judgment of the district court is AFFIRMED in part and DISMISSED in part for lack of jurisdiction.  The Government's motion for summary affirmance and alternative motion for an extension of time to file a brief are DENIED.