# United States Court of Appeals for the Fifth Circuit

———————

No. 25-20268

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Hassan Ali Pejouhesh,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-687-1

————————————————————————

Before Jones, Richman, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Hassan Ali Pejouhesh, federal prisoner # 78128-279, was convicted of aiding and abetting bank fraud, possessing stolen mail, and aggravated identity theft and sentenced to 247 months of imprisonment. The district court imposed restitution of $217,665.32. In 2025, the Government filed a motion for a turnover order, asserting that the Bureau of Prisons held $3534.23 in Pejouhesh's inmate trust account. The district court granted the

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

motion and issued a turnover order. The court subsequently received Pejouhesh's opposition and motion to strike the Government's motion, as well as his motion for the district court to withdraw its order and return the funds. These motions were denied. Pejouhesh now moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's grant of the Government's motion and the denial of his motions, which constitutes a challenge to the district court's certifications that any appeal would not be taken in good faith.[1] *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Pejouhesh concedes that the funds resulted from a $3677.53 deposit by the Internal Revenue Service (IRS) of an Economic Impact Payment (EIP) under the 2020 Coronavirus Aid, Relief and Economic Security Act. As the stimulus payment constituted "substantial resources from any source," federal law permitted the turnover order. 18 U.S.C. § 3664(n); *see* 18 U.S.C. § 3613(c); *United States v. Stark*, 56 F.4th 1039, 1040-41 (5th Cir. 2023). He maintains that the funds were exempt from levy, but the provision he cites is inapposite as it references amounts payable as service-connected disability benefits. *See* 18 U.S.C. § 3613(a); 26 U.S.C. § 3664(a)(10).

Pejouhesh also asserts that the IRS stated that EIP benefits could be garnished only for past-due child support. The agency explained that it would withhold funds only for that purpose but clarified that EIP funds could be garnished by other creditors once deposited in a taxpayer's bank account. While Pejouhesh maintains that under the Consumer Credit Protection Act

---

[1] While Pejouhesh also appealed the district court's denial of his motion for a free copy of his sentencing transcript and the judgment, he states he is withdrawing this appeal because he has obtained the requested documents.

the Government could garnish only 25 percent of his prison account, this provision applies to wages. *See* 15 U.S.C. § 1673(a). Further, the fact that the district court ruled on the Government's withdrawal order without providing Pejouhesh time to file a response did not deprive him of due process as his response would not have affected the outcome of the proceedings. *See United States v. Rand*, 924 F.3d 140, 144-45 (5th Cir. 2019).

Pejouhesh also challenges the district court's denial of his motion for recusal; however, the judge's adverse rulings on Pejouhesh's criminal and postconviction proceedings and statements that Pejouhesh construed as questioning the legitimacy of his seizure disorder are insufficient to show judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

Finally, Pejouhesh contends that the district court erred in denying his motion for appointment of counsel at a critical stage. He asserts that he has difficulty expressing himself in English and that health problems limit the time he can spend in the law library. While individuals should be represented "at every stage of the proceedings . . . including ancillary matters appropriate to the proceedings," 18 U.S.C. § 3006A(c), "ancillary matters" do not include postconviction proceedings, *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012). Although we may appoint counsel in postconviction proceedings "in the interest of justice," *see United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008), the issues here are not particularly complex, and Pejouhesh's filings indicate his ability to prepare and present his case adequately, *see Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Pejouhesh does not make the requisite showing that he will raise a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion for IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.